IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

TOMAS MAIRENA,
JOEL JACINTO,
GABRIEL PEREZ GODINEZ, and
QUEIN ARIEL JACINTO FIGUEROA

    Plaintiffs,

v.

TRADESTAFF MANAGEMENT, INC.,
a Florida profit corporation, and
MITCHELL J. DAIGLE

    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiffs. TOMAS MAIRENA, JOEL JACINTO, GABRIEL PEREZ GODINEZ, and QUEIN ARIEL JACINTO FIGUEROA, by and through their undersigned attorney, hereby files this lawsuit against Defendants, TRADESTAFF MANAGEMENT, INC. and MITCHELL J. DAIGLE, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff Mairena is a resident of Miami-Dade County, Florida

5. Plaintiff Jacinto is a resident of Palm Beach County, Florida.

6. Plaintiff Godinez is a resident of Palm Beach County, Florida.

7. Plaintiff Figueroa is a resident of Palm Beach County, Florida.

8. Defendant TRADESTAFF MANAGEMENT, INC. (hereinafter referred to as "TMI" or "Defendant") has a principal address at 583 105th Avenue N, Unit 1, Royal Palm Beach, L 33411.

9. Defendant MITCHELL J. DAIGLE (herein referred to as "Daigle) is a resident of Palm Beach County, Florida.

10. This cause of action arose in Palm Beach County, Florida.

11. Palm Beach County, Florida is proper venue for this action because Plaintiffs and at all times material hereto, were employed by and had dealings with Defendant in Palm Beach County, Florida.

12. Defendants failed to pay Plaintiff the mandatory overtime wages as required under federal law.

13. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

14. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

15. Defendant Daigle is an employer in that he was acting directly or indirectly in the interest of the corporate defendant and otherwise exercised operational control over the company and/or plaintiff's work. Daigle was involved in the payment of wages to plaintiff including his

overtime status.

16. Plaintiff's job duties were such that they themselves were each individually engaged in commerce.

## INDIVIDUAL ALLEGATIONS

**Mairena**

17. Plaintiff Mairena was employed with Defendants from June 5, 2018 up to and including his separation on May 15, 2020.

18. Plaintiff Mairena's position was machine operator.

19. At all times he was a non-exempt employee.

20. During Plaintiff Mairena's employment with Defendants, he was compensated at a rate of $23.00 per hour, with an overtime rate of $34.50.

21. During the last weeks of his employment, Plaintiff Mairena worked 55 hours, but was not compensated for any of his work.

22. As such, Plaintiff Mairena is owed as follows: $920.00 for his regular rate of pay for 40 hours, plus $517.50 for his additional 15 hours of overtime. Plaintiff Mairena seeks $1,437.50 in back wages and other relief as set forth herein.

**Jacinto**

23. Plaintiff Jacinto was employed with Defendants from March 15, 2020 up to and including his separation on April 3, 2020.

24. Plaintiff Jacinto's position was carpenter.

25. At all times, he was a non-exempt employee.

26. During Plaintiff Jacinto's employment with Defendants, he was compensated at a rate of $20.00 per hour.

27. During his last week of employment, Plaintiff Jacinto worked 40 hours, but was not compensated for any of his work that last week.

28. As such, Plaintiff Jacinto is owed as follows: $800.00. Plaintiff seeks $800 in back wages and other relief as set forth herein.

**Godinez**

29. Plaintiff Godinez was employed with Defendants from May 2019 up to and including his separation on March 20, 2020.

30. Plaintiff Godinez's position was a carpenter.

31. At all times he was non-exempt.

32. During Plaintiff Godinez's employment with Defendants, he was compensated at a rate of $21.00 per hour, with an overtime rate of $31.50.

33. During his last week of employment, Plaintiff Godinez worked 32 hours, but was not compensated for any of his work.

34. As such, Plaintiff Godinez seeks $672.00 in back wages and other relief as set forth herein.

**Figueroa**

35. Plaintiff Figueroa was employed with Defendants from June 5, 2019 up to and including his separation on April 3, 2020.

36. Plaintiff Figueroa's position was a carpenter with duties that included: cutting wood, making molds, cleaning up trash.

37. During Plaintiff Figueroa's employment with Defendants, he was compensated at a rate of $20.00 per hour.

38. During the time period of his last week of employment, Plaintiff Figueroa worked 40 hours, but was not compensated for any of this work.

39. As such, Plaintiff Figueroa seeks $800.00 in back wages and other relief as set forth herein.

## COMMON ALLEGATIONS

40. Plaintiffs and each of them worked without being paid their wages as required under federal law. 29 USC §201, et. Seq.

41. Plaintiffs are non-exempt employees under the FLSA.

42. Plaintiffs Mairena, Jacinto, Godinez and Figueroa are all owed back wages and have a minimum wage claim against the Defendants.

43. Plaintiff Mairena also has a claim for unpaid overtime against the Defendants.

44. The Defendants are joint employers as that term is defined under the FLSA.

## COUNT I
## PLAINTIFFS MAIRENA, JACINTO, GODINEZ, AND FIGUEROA
## MINIMUM WAGE VIOLATION
## ALL DEFENDANTS

Plaintiffs re-allege and reference each and every allegation contained in the preceding Paragraphs 1 through 44 and incorporates the same as set forth fully herein.

45. Plaintiffs are covered, non-exempt employees and are entitled to compensation for all hours worked.

46. Plaintiffs worked and were not paid by Defendants.

47. Defendants, failed to compensate Plaintiffs.

48. The Defendants' failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiffs are aware of hours for which they were not compensated in the preceding period of time.

49. Defendants' failure to pay Plaintiffs wages was the result of intentional, willful misconduct.

50. As a direct and proximate result of the Defendants' actions, Plaintiffs have obtained counsel

to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

51. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered damages.

52. As a result of Defendants' conduct, Plaintiffs are entitled to unpaid wages, liquidated damages and other penalties.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against the Defendants as follows:  The Plaintiffs be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs be awarded other and further relief as the Court deems just and proper.

## COUNT II
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## ALL DEFENDANTS

Plaintiffs re-allege and reference each and every allegation contained in the preceding Paragraphs 1 through 44  and incorporates the same as set forth fully herein.

53. Plaintiff Mairena,was a covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

54. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendants.

55. Plaintiff was not paid overtime.

56.  Defendants, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

57. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor

Standards Act, pursuant to 29 U.S.C. §207.

58. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is are entitled to overtime payments for the entire preceding period.

59. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

60. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

61. As a result of Defendants' conduct, Plaintiff is are entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows:  The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

Dated this 19th day of August 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331

Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com